IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 17-141 |
| ROBERT ALLEN | |

## GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE AND MOTIONS TO RECONSIDER

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Stephen R. Kaufman and Katherine C. Jordan, Assistant United States Attorneys for said District, and submits this Omnibus Response to Defendant's Motions in Limine (ECF 262 and 263) and Motions to Reconsider (ECF 264 and 265). The Court should deny the Motions to Reconsider without an evidentiary hearing.

### I. INTRODUCTION AND PROCEDURAL BACKGROUND

On June 6, 2017, defendant Robert Allen was charged via Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, between April 1, 2017, and May 11, 2017. He was also charged with Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e), as he qualifies as an Armed Career Criminal.

The defendant filed numerous motions, including discovery motions (ECF 41, 42, 43, 45) and a Motion to Suppress Evidence (ECF 46). A hearing was held on September 28, 2018. The defendant's Motion to Suppress Evidence was supplemented and included a request for a *Franks* hearing on June 7, 2019 (ECF 90). Those motions were argued on June 26, 2019. At that

time, this Court denied the defendant's Motions to Suppress and request for *Franks* hearing. (ECF 94). In its Order, the Court stated:

> "Specifically, the Court finds that a valid warrant supported by probable cause existed for Defendant's cell phone location data, and Defendant has presented no valid reason for suppression of his location information. With respect to the search warrants issued for locations affiliated with Defendant, the Court finds Defendant lacks standing to challenge the executed searches of both Apartment 3B and 3A at 771 Bryn Mawr Road. Finally, the Court finds that Defendant knew and understood his rights at the time he made his statements and that no event occurred between when he first received his *Miranda* warnings and when he made his statement that rendered him unable to fully and properly consider the effect of an exercise or waiver of his rights. Defendant has not carried his burden to show that he requested counsel or otherwise attempted to exercise his *Miranda* rights. His statements will not be suppressed." (ECF 94.)

On August 13, 2019, the Government filed a Superseding Indictment, charging the defendant with Conspiracy to Distribute and Possess with Intent to Distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846, between January 2017 and May 11, 2017, thus increasing the time frame of the conspiracy charged. He was also charged with distribution and possession with intent to distribute 40 grams or more of fentanyl on April 26, 2017, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (b)(1)(B)(vi). This charge related to a purchase of fentanyl by a Confidential Human Source (CHS) on April 26, 2017. At Count Three of the Superseding Indictment, the defendant was charged with distribution and possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). This charge related to fentanyl recovered during the execution of search warrants on May 11, 2017. At Count Four, the defendant was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Count Two of the original indictment).

The defendant then filed an Amended Discovery motion on May 3, 2021 (ECF 192), a "Third Amended Discovery Motion" (ECF 219), and an Amended Motion to

Suppress/Request for *Franks* hearing (ECF 220) on May 2, 2022. On June 30, 2022, the defendant filed a Motion to Disclose the Identity of the CHS. (ECF 228).

This Court held a hearing on July 5, 2022, and denied the Discovery motions and the Motions to Suppress/Request for *Franks* Hearings. (ECF 231). Following briefing by the Government, this Court denied the Motion to Disclose the Identity of the CHS on August 31, 2022, based on the Government's representations that it would call the CHS as a trial witness. (ECF 234)

In preparation for trial, the Government made a strategic decision to no longer call the CHS as a trial witness. The Government alerted defense counsel to this change via email on November 6, 2022, and alerted the Court via the Government's November 14, 2022, "Motion Regarding Disclosure of Confidential Human Source's Identity" (ECF 248).

On November 15, 2022, as a result of the United States Supreme Court decision in *Wooden v. United States*, 142 S. Ct. 1063, the Government filed a Second Superseding Indictment. In doing so, the Government alleged the language required pursuant to *Wooden* to properly allege a violation of the Armed Career Criminal statute, and elected to proceed without the charge related to the April 26, 2017 distribution by the defendant, which was set forth as Count Two in the Superseding Indictment. The Second Superseding Indictment consists of charges of Conspiracy, in violation of 21 U.S.C. § 846, between April 2017 and May 11, 2017, at Count One; Possession with Intent to Distribute and Distribution of 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A)(vi) on May 11, 2017, at Count Two; and Possession of a Firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), at Count Three.

This decision to not proceed with the substantive April 26, 2017, charge is not based upon any improper motive, as the defendant appears to allege. The Government has discovered no evidence affecting the credibility of the CHS regarding his or her actions in 2017, related to the

investigation of the defendant. Rather, as the defendant notes in his motion, the CHS was charged with homicide in 2022. (ECF 266, page 4). The defendant has not yet been tried on that charge. Therefore, in exercise of sound discretion, the Government has elected not to utilize such a witness. The decision to do so was brought to the defendant's and the Court's attention well in advance of trial and does not create a material change of fact regarding the crimes alleged.

As the defendant is aware from the discovery process and the various motions filed in this case, the Government anticipates presenting the following evidence:

In the Spring of 2017, law enforcement was made aware of the defendant as a potential distributor of fentanyl. They began an investigation into the defendant, which included surveillance of the defendant entering and exiting the Bryn Mawr Apartment building on April 26, 2017. This surveillance was captured on video camera by Pittsburgh Police Detective Jedediah Pollock and has been produced in discovery. On May 5, 2017, law enforcement obtained a warrant for GPS/E911 location data for a telephone they believe was utilized by the defendant. GPS data revealed that the telephone was located at 1433 Crafton Boulevard for multiple nights in a row.

On May 10, 2017, law enforcement conducted surveillance at 1433 Crafton Boulevard and the Bryn Mawr Apartment building. During the course of surveillance, the defendant was video recorded and/or photographed exiting and/or entering 1433 Crafton Boulevard and the Bryn Mawr Apartments. The defendant was observed outside of the Bryn Mawr Apartments with a "T.G.I. Friday's" bag. During the course of surveillance on May 10, 2017, the defendant was observed by TFO Lee Neibel and at the door of Apartment #3B by TFO Andrew Miller, who was conducting surveillance in an undercover capacity from within the apartment building.

On May 10, 2017, law enforcement obtained search warrants for various locations, related to potential fentanyl trafficking, including 771 Bryn Mawr Road, Apartment #3B, 1433 Crafton Boulevard, and a 2012 Infiniti QX56.

During the execution of the warrant at Apartment #3B, the occupier of the apartment, Sean Gillium, returned home and spoke with law enforcement. He informed law enforcement that a large-scale narcotics packaging operation was in the next apartment, 771 Bryn Mawr Road, Apartment #3A. At that point, law enforcement breached the door to Apartment #3A and encountered Arnold Mason attempting to flush fentanyl down the toilet. Mason gave a statement to police, indicating that the fentanyl belonged to the defendant and that he had been packaging fentanyl for the defendant for multiple weeks. A search warrant was obtained for Apartment #3A, however, Mason also provided consent to search.

The Government anticipates presenting evidence regarding the items that were recovered during the execution of the search warrants, including, but not limited to: (1) fentanyl, multiple cell phones, a digital scale, and stamp bags, recovered from Bryn Mawr Apartment #3B;(2) a safe containing kilograms of fentanyl inside, the "T.G.I. Friday's" bag that the defendant was observed carrying on May 10, 2017, cutting agents, and narcotics packaging paraphernalia, including respirator masks, empty stamp bags and rubber bands, and numerous "bricks" of fentanyl, recovered from Bryn Mawr Apartment #3A: and (3) a firearm and ammunition, over $100,000 in United States Currency, indicia of residency for the defendant, and drug paraphernalia, including a scale, numerous cellular phones, and a drug ledger, recovered from 1433 Crafton Boulevard.

The defendant was also stopped while driving the Infiniti QX56 on May 10, 2017. Three cell phones were recovered from the Infiniti. He was Mirandized and eventually placed

under arrest. During the course of his interactions with law enforcement, the defendant admitted to knowledge of the firearm recovered from Crafton Boulevard. This evidence supports the charges alleged in the Second Superseding Indictment.

### II. GOVERNMENT'S REPONSE TO DEFENDANT'S MOTIONS IN LIMINE TO PREVENT WITNESSES FROM DISCUSSING THE APRIL 26, 2017, CONTROLLED BUY (ECF 262) AND MOTION IN LIMINE TO PRECLUDE GOVERNMENT FROM REFERRING TO DRUG EVIDENCE FROM APRIL 26, 2017 (ECF 263)

The defendant requests that the Government be precluded from referring to the April 26, 2017 operation as a "controlled buy." (ECF 262). The Defendant further requests that the Government be precluded from "referring to drug evidence purportedly handed over the agents by informants (sic) on April 26, 2017." (ECF 263)

By way of its Second Superseding Indictment, the Government has removed the substantive count of Distribution and Possession with Intent to Distribute dated April 26, 2017. As stated above, the Government does not intend to introduce evidence related to confidential informant's activities on April 26, 2017. As such, the Government will not refer to any drugs recovered on that date or a "controlled buy." Any such examination regarding the confidential informant's activities, on April 26, 2017 by the defendant may "open the door" and the Government may ask the Court, at that point, to reconsider the Motions in Limine.

### III. GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S MOTION TO SUPPRESS/REQUEST FOR *FRANKS* HEARING (ECF 264)

The defendant argues in his Motion to Reconsider that he is entitled to a reconsideration of the Court's previous rulings because of "new evidence." (ECF 264) The

defendant claims that the Government's decision not to proceed on the April 26, 2017, controlled purchase is a "tacit admission" that "sheds a damning light on the misconduct displayed by agents." (ECF 264). The Government denies the existence of any such admission, tacit or otherwise.

The Court in *United States v. Fields*, 2021 U.S. Dist. LEXIS 164409 (E.D.Pa, 2021), stated:

> "The standard . . . to prevail on a motion for reconsideration is high." *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004). Motions for reconsideration "are granted for compelling reasons . . . not for addressing arguments that a party should have raised earlier" and "they do not empower litigants . . . to raise their arguments piece by piece." *United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (internal quotation marks omitted). This high standard is rooted in judicial economy:
> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to re-litigate issues the court has already decided. . . . [A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. *Williams v. Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998) (internal citations omitted). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010)). "

*United States v. Fields*, 2021 U.S. Dist. LEXIS 164409, *72-74

Albeit lengthy, the defendant's request for reconsideration does not posit any change in controlling law, new evidence, or need to correct an error or law or prevent manifest injustice. The only "new" evidence that the defendant advances is that the Government has somehow admitted to flaws in the April 26, 2017 controlled purchase, by deciding not to proceed on that charge or present evidence related to the charge. No new reports, evidence, admissions, or the like have been made since this Court decided the Motions to Suppress and Motion for *Franks* hearing.

The Court denied the defendant's Motion to Suppress Physical Evidence from "Bryn Mawr Road Apartments 3a and 3b; Crafton Residence, Webster Avenue, Apartment 5; Infiniti SUV; statements obtained in violation of Defendant's Miranda rights; and any data obtained pursuant to the illegal warrants providing the basis for the unconstitutional use of Defendant's cellular phone as an electronic tracking device"[1] and Request for *Franks* hearing for the related affidavits (ECF 90) on June 7, 2019.

Despite that, and because of the additional charges added in the Superseding Indictment, the defendant filed reconsideration of the Motion to Suppress and Request for *Franks* hearing for evidence recovered from Crafton Boulevard and the defendant's Infiniti (ECF 220). This Court, again, denied both motions on July 5, 2022.

The only change that has occurred since that time is that the Government has decided *not* to proceed on a charge. There is no additional evidence, or new evidence. In light of the Second Superseding Indictment, there are now fewer counts being alleged and less evidence will be presented by the Government. However, the facts of the case remain unchanged. Requesting yet another reconsideration of the Court's decision is to improperly request re-

---

[1] As argued in ECF 90, titled "Defendant's Supplemental Motion to Suppress Evidence."

litigation of issues already decided, without basis. "Mere dissatisfaction with the Court's ruling…is not a proper basis for reconsideration." *Progressive Cas. Ins. Co. v. PNC Bank*, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Accordingly, the Court should deny the defendant's Motion to Reconsider its Motions to Suppress and Request for *Franks* Hearings.

### IV. GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN/RECONSIDER DEFENDANT'S MOTION TO COMPEL IDENTITY OF INFORMANT (ECF 265)

On June 30, 2022, the defendant filed a Motion to Compel Disclosure of Confidential Witness and supporting brief (ECF 228 and 229). The Government responded on July 8, 2022, arguing that the "confidential witness" would be called at trial, and thus, disclosure was premature. (ECF 233). On August 31, 2022, the Court denied the Defendant's motion as premature, given the Government's representation that it would call the confidential witness at trial.

In preparation for trial, the Government made a strategic decision to no longer call the "confidential witness" as a trial witness. This decision is well-justified by the fact that the witness has now been charged with homicide. The Government alerted the defense to this change in trial strategy on November 6, 2022, and further alerted the Court via a pre-trial motion. (ECF 248).

Furthermore, when the Government file its Second Superseding Indictment (ECF 250), it made another tactical decision not to proceed on substantive charges involving the April 26, 2017, buy, which would require the testimony of the CHS now charged with homicide. The defendant is currently charged with Conspiring to Possess with Intent to Distribute 400 grams or more of fentanyl, at Count One, Possession with Intent to Distribute 400 grams or more of fentanyl on May 11, 2017, at Count Two, and Possession of a Firearm by a Convicted Felon on May 11, 2017, at Count Three.

The defendant filed a Motion to Reconsider (ECF 265) arguing that there is "new evidence" of a "tacit admission" that the Government cannot prove the April 26th controlled buy. The Government denies the existence of any such admission, tacit or otherwise.

Rather, the Government acknowledges that its strategic decision to not call the confidential witness as a trial witness undercut the Court's reasoning for denial of the defendant's motion, i.e., that the CHS would be a witness at trial. It is for that reason that the Government filed its Motion (ECF 248) alerting the Court and defendant to the change in posture. As such, the Government believes that the Court may reconsider, in order to "correct errors or law or fact." *United States v. Novikov*, 2022 U.S. Dist. LEXIS 188746, *5. However, in its reconsideration, the Court should deny the Defendant's Motion to Compel.

The defendant bears the burden of demonstrating a need for the disclosure of the CHS's identity. *See United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). Once the defendant meets this burden, "the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.' " *Jiles*, 658 F.2d at 196 (quoting *Roviaro v. United States*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957)).

In undertaking this balancing, the Court should take into consideration the crime charged, possible defenses, significance of the confidential informant's testimony, and other relevant factors. *Id.* The Court in *United States v. Dixon*, 123 F. Supp. 2d 275, discussed circumstances that the Supreme Court has found sufficient to require disclosure of the CI's identity. Those circumstances are, "(1) the [CI's] possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged." *Jiles,* at 198-99. As the Third Circuit noted in *Jiles*, when the informant has played an active and crucial role

in the events *upon which the charges against the defendant are based*, disclosure of the informant's identity "will in all likelihood be required to ensure a fair trial." *Id.* at 196-97 (emphasis added).

Where the CHS is not a participant or witness to the acts charged, but a "tipster" whose role was to validate the search, disclosure of his or her identity is not required. *See McCray v. Illinois*, 386 U.S. 300, 311-12, 18 L. Ed. 2d 62, 87 S. Ct. 1056 (1967); *Gaines*, 726 F. Supp. at 1465.

As the Government will not proceed on the charge related to the April 26, 2017 distribution, the CHS is no longer a witness to the "acts charged" but merely a tipster, with corroborated information, including a video and audio-recording and simultaneous transmission, which lead to the execution of multiple search warrants. The evidence recovered in those search warrants supports the counts alleged in the Second Superseding Indictment.

In the instant case, particularly in light of the fact that the Government will not proceed on the charge alleging the defendant's delivery of over 40 grams of fentanyl on April 26, 2017, the CHS's possible testimony will not satisfy any of the circumstances requiring disclosure.

In order to protect their safety, the Government has a strong interest in protecting the identity of individuals who cooperate with law enforcement, and their identity should not be disclosed without a sound reason compelling disclosure. Since the CHS will not be a witness at trial, there is no adequate reason to compel disclosure of the CHS' identity.

The defendant further asserts that he is aware of the identity of the CHS. (See Page 4, ECF 266). (ECF 220 and 229). The defendant states that the CHS was unreliable, given a very specific criminal background, and in the instant motion, defendant attached phone records between the defendant and an individual identified as "Gun." The defendant argues that "the informant has since been charged with homicide." The government has stated herein that the

CHS has been charged with homicide. The defendant further argues that he was "easily able" to identify the informant because of video provided in the discovery process. The Courts have found that a defendant is not entitled to disclosure of the identity of a confidential informant, where the defendant claims to know the informant's identity. (See *United States v. Parker*, 836 F.2d 1080 (8th Cir. 1987), finding that a narcotics defendant was not entitled to disclosure of confidential informant's identity where defendant claimed to know identity, but failed to either question law enforcement witnesses about informant's involvement in an investigation, or call alleged informant as witness.) Where the defendant believes he has identified the confidential informant and merely wants Government confirmation, disclosure under the *Roviaro* balancing test is unwarranted. (See *United States v. Vue*, 2010 U.S. Dist. LEXIS 61540 (W.D.Pa. June 22, 2010).

      The defendant has failed to meet his burden of establishing that the disclosure is necessary, particularly when balanced against the public interest in protecting the flow of information and need to protect the safety of informants. The decision to not require the government to formally identify the CHS should stand and. Allen's motion to compel should be denied.

WHEREFORE, for the reasons set forth above, the Court should deny the defendant's motions set forth at ECF Nos. 264, 265, and 266.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Stephen R. Kaufman*
STEPHEN R. KAUFMAN
Executive Assistant U.S. Attorney
PA ID No. 42108

*/s/Katherine C. Jordan*
KATHERINE C. JORDAN
Assistant U.S. Attorney
PA ID No. 201135